RECEIVED
IN LAKE CHARLES, LA.
SEP 29 2014
TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JENNY WARNER | CIVIL ACTION NO. 2:14-CV-983 |
| Plaintiff | |
| V. | |
| AEROFRAME SERVICES, L.L.C., & AVIATION TECHNICAL SERVICES, INC. | JUDGE MINALDI |
| Defendants | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the Motion and Incorporated Memorandum in Support of Motion to Consolidate [Doc. 7], filed by the defendant, Aviation Technical Services, Incorporated (ATS), seeking to consolidate the following civil actions pursuant to Federal Rule of Civil Procedure 42: 2:14-cv-984; 2:14-cv-985; 2:14-cv-986; 2:14-cv-987; 2:14-cv-988; 2:14-cv-989; 2:14-cv-990; 2:14-cv-991; and 2:14-cv-992. ATS has also filed a Motion for Leave to Amend Its Motion and Incorporated Memorandum in Support of Motion to Consolidate [Doc. 24], seeking to request the consolidation of three additional cases: 2:14-cv-2323; 2:14-cv-2324; and 2:14-cv-2325.

Rule 42 states,

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a). Assuming, without deciding, that the above-listed cases all involve common questions of law or fact, the instant case nevertheless contains several outstanding

Motions to Remand [Docs. 12, 13, & 16], which are currently referred to the Magistrate Judge. Moreover, most of the above-listed cases also contain pending motions to remand.

A district court has broad discretion in determining whether a motion for consolidation should be granted, and courts should weigh the "saving of time and effort versus inconvenience, delay or expense." *Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp.*, 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999). District courts must also use care in determining whether consolidation is appropriate when there are lingering doubts as to the existence of subject matter jurisdiction, which may in some instances be indicated by the presence of multiple outstanding motions to remand. In *In re Excel Corporation*, No. 96-41220, 1997 U.S. App. LEXIS 12792 (5th Cir. 1997), for example, the Fifth Circuit reversed the district court's decision to adopt the magistrate's order which consolidated eight separate cases for purposes of remand. *Id.* at *11. The court stated that "the order of consolidation and the ensuing remand order on the basis of that consolidation adversely affected the parties" therein. *Id.* at * 12.

The parties herein have not offered any argument as to whether granting the motion for consolidation prior to the Magistrate Judge's consideration of the motions to remand would necessarily adversely affect the parties, as it did in *In re Excel*. Nevertheless, out of an abundance of caution, the court is disinclined to look favorably upon a motion to consolidate until such time as all of the pending motions to remand have been ruled upon. *But see Daybrook Fisheries, Inc. v. Am. Marine Const., Inc.*, No. 97-3677, 98-1438, 1998 U.S. Dist. LEXIS 16934 (E.D. La. 1998). The court will only consolidate these matters in the event that the court determines that it has jurisdiction over all of them. Accordingly,

**IT IS ORDERED** that the Motion to Consolidate [Doc. 7] be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Leave to Amend [Doc. 24] be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that ATS is hereby granted leave to resubmit another motion requesting consolidation at such time as the Magistrate Judge has ruled on the pending motions to remand, provided that jurisdiction is not found to be lacking.

Lake Charles, Louisiana, this 29 day of Sept, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE