UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JENNY WARNER** | : | **CIVIL ACTION NO. 14-cv-983** |
| **VERSUS** | : | **JUDGE WALTER** |
| **AEROFRAME SERVICES, LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

In furtherance of the obligation of federal courts to police subject matter delineations on their own initiative[1] we enter this Report and Recommendation so that the understanding of our jurisdiction in this matter will be supplemented to coincide with our conclusion in the related case of "Ashford v. Aeroframe Services, LLC., et al." (Ashford 2) bearing docket number 19-cv-610 of this court.

Shortly after removal to this court on May 14, 2014, from the 38th Judicial District Court, Parish of Cameron, Louisiana, Motions to Remand were filed by plaintiff, Aeroframe Services, LLC., and Roger A. Porter ("the non-ATS litigants"). Docs. 12, 14, and 16. On January 30, 2015, we issued an Electronic Order related to the motions noting that a ruling had been rendered in "Ashford v. Aeroframe Services, LLC, et al" (Ashford 1), docket number 14-cv-992 of this court, denying motions to remand filed by the non-ATS litigants in that case. Doc. 30. The electronic order allowed the non-ATS litigants to identify any factual issues in this case that would distinguish this case from Ashford 1 that would cause this court to reach a different result than that

---

[1] See *Owner-Operator Independent Drivers Assocation, Incorporated v United States Department of Transportation*, 858 F.3d 980, 983 (5th Cir. 2017), citing *Eike v Holder*, 383 Fed. Appx. 470, 472 (5th Cir. 2010) which in turn quotes *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

in Ashford 1. Before complying with that order plaintiff moved to stay these proceedings pending final resolution by this court and any review by the Fifth Circuit of our jurisdictional ruling in Ashford 1 and the motion was granted. Doc. 31, 33. That stay was lifted August 23, 2016, and another Electronic Order issued inviting the non-ATS litigants to provide supplemental memoranda on how and to what extent this case would differ from Ashford 1. Docs. 34, 35. Only plaintiff supplemented her previous filing. Doc. 36.

On October 20, 2016, we issued a Report and Recommendation. Doc. 39. In that Report and Recommendation we noted that plaintiff had failed to heed our warning to NOT simply repeat what had already been stated and instead simply reiterated her previous arguments. Finding no reason to rule differently in this case than how we ruled in Ashford 1 we recommended denial of the motions. Plaintiff and Aeroframe objected. Docs. 40, 41. Over those objections the district court adopted the Report and Recommendation. Doc. 44.

Shortly thereafter ATS filed a Motion for Summary Judgment on the merits of the claims of the non-ATS litigants against ATS. Doc. 45. Oppositions were filed by plaintiff and Aeroframe. Docs. 51, 52. Before a ruling was made on the motion the district court stayed this proceeding again pending Fifth Circuit review of Ashford 1. Doc. 57. Since that time the Fifth Circuit found in Ashford 1 that we did not have subject matter jurisdiction and ordered remand. Shortly after remand ATS removed again and that second removal became Ashford 2.

In Ashford 2 the non-ATS litigants again moved to remand and for reasons stated we recommended those motions be denied. See Ashford 2, Doc. 62. That recommendation was adopted by the district court. Ashford 2, Doc. 69.

So that this case and all other related cases maintain the same footing with respect to the bases of our subject matter jurisdiction, it is recommended that this court adopt the findings in

Ashford 2 and conclude that we enjoy subject matter jurisdiction in this case for the same reasons set forth in the Report and Recommendation made and adopted by the court there.

Under the provisions of 28 U.S.C. §636 Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Given the circumstances of this case and the fact that these issues have already been litigated in Ashford 2, that delay is shortened and any aggrieved party must submit an objection on or before July 28, 2020. Any aggrieved party may make objection by merely referencing the objections filed in Ashford 2 by docket number and that objection will be considered as having been filed in this proceeding. If any aggrieved party wishes to object for reasons other than those raised in Ashford 2 or any reason other than a continued claim that we lack subject matter jurisdiction and require more than the allotted time to do so then that party may seek leave of court for an extension. Response to objections are due on or before August 3, 2020. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE this 22nd day of July, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE