UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL ASHFORD** | : | **CIVIL ACTION NO. 19-cv-610** |
| | | **c/w 14-cv-983, 14-cv-984,** |
| | : | **14-cv-985, 14-cv-986, 14-cv-987,** |
| | | **14-cv-988, 14-cv-989, 14-cv-990,** |
| | : | **14-cv-991, 14-cv-992, 14-cv-2323,** |
| **VERSUS** | | **14-cv-2324, 14-cv-2325, and** |
| | : | **14-cv-2538** |
| | : | **JUDGE WALTER** |
| **AEROFRAME SERVICES, LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## ORDER TO CLARIFY PROCEDURAL
## POSTURE AND TO UNCONSOLIDATE CASES

In the Fall of 2013 and the beginning of 2014, attorney Somer Brown ("Brown") with the law firm of Cox, Cox, Filo, Camel & Wilson ("the Cox firm"), filed ten separate lawsuits in four parishes, all of which were removed to this court on May 14, 2014.[1] Four additional lawsuits were removed in July and August of 2014.[2] There were three additional suits involving claims of former Aeroframe employees but they were not consolidated and are not subject to this order.[3] All complaints of all plaintiff- employees in all suits discussed herein were identical. The plaintiff-

---

[1] 14-cv-983 (Warner from Cameron Parish) at doc. 1; 14-cv-984 (Adams from Calcasieu Parish) at doc. 1; 14-cv-985 (Boring from Calcasieu Parish) at doc. 1; 14-cv-986 (Cleaves from Calcasieu Parish) at doc. 1; 14-cv-987 (Cooley from Calcasieu Parish) at doc. 1; 14-cv-988 (Gallow from Calcasieu Parish) at doc. 1; 14-cv-989 (Decolongon from Calcasieu Parish) at doc. 1; 14-cv-990 (Blanton from Calcasieu Parish) at doc. 1; 14-cv-991 (Rackard from Beauregard Parish) at doc. 1; and 14-cv-992 (*Ashford 1* from Evangeline Parish) at doc. 1.

[2] Three were removed 7/16/14 and the last was removed 8/20/14. They are 14-cv-2323 (Morvant from Jefferson Davis Parish), 14-cv-2324 (Coley from Calcasieu Parish), 14-cv-2325 (Cogdill from Calcasieu Parish), and 14-cv-2538 (Barreda from Calcasieu Parish).

[3] Neathammer v. Aeroframe Services, LLC, 16-cv-1378, and Jackson v. Aviation Technical Services, Inc., 16-cv-1397, were filed by attorneys not affiliated with the Cox firm and the claims of plaintiffs in those cases have been settled. Day v. Aeroframe Services, LLC, 16-cv-1512, was filed by the Cox firm but is in a different procedural posture than those consolidated here and is treated separately.

-1-

employees sued Aeroframe Services, LLC, ("Aeroframe"), their former employer, for unpaid wages. They sued Aviation Technical Services, Inc. ("ATS"), a company that engaged in an unsuccessful business negotiation with Aeroframe, for damages under various other theories of liability. In each case ATS cross-claimed Aeroframe and filed a third-party demand against Roger A. Porter ("Porter"), for whom Aeroframe serves as the alter-ego.[4] We collectively refer to the plaintiff-employees, Aeroframe, and Porter as "the non-ATS litigants."

Finally, in all consolidated matters except 14-cv-990 (Blanton), 14-cv-2323 (Morvant), 14-cv-2324 (Coley), and 14-cv-2325 (Cogdill), ATS filed actions against Aeroframe and Porter identical to those raised in this matter (*Ashford 2*) and found in this record at doc. 1, att. 12, p. 41[5]. ATS asks for judgment for damages it claims to have sustained as the result of transgressions by Aeroframe and Porter related to its (ATS's) business dealings with them (Aeroframe and Porter). Aeroframe and Porter answered those claims in *Ashford 1*. 14-cv-992, doc. 1, att. 1, p. 116 (Aeroframe) and doc. 1, att. 1, p. 101 (Porter) (Aeroframe's answer found in this record at doc. 1, att. 12, p. 116 and Porter's found at doc. 1, att. 12, p. 101). In all other cases, Aeroframe and Porter either did not respond or filed exceptions in state court. There has been no furtherance of those claims since originally brought. The claims of ATS against Aeroframe and Porter will be ignored in all cases except this.

We have twice provided extensive procedural histories of the controversies between these litigants, first in a Report and Recommendation issued in Ashford vs. Aeroframe Services, LLC, et. al., docket number 14-cv-992 ("*Ashford 1*") [doc. 283, adopted by the district court at doc. 294]

---

[4] Doc. 62, p. 7 (Report and Recommendation, adopted by the district court at doc. 69).
[5] 14-cv-983 (Warner) at doc. 1, att. 1, p. 19; 14-cv-984 (Adams) at doc. 1, att. 1, p. 24; 14-cv-985 (Boring) at doc. 1, att. 1, p. 24; 14-cv-986 (Cleaves) at doc. 1, att. 1, p. 25; 14-cv-987 (Cooley) at doc. 1, att. 1, p. 89; 14-cv-989 (Decolongon) at doc. 11, att. 2; 14-cv-991 (Rackard) at doc. 3, p. 42; 14-cv-992 (Ashford 1) at doc. 1, att. 1, p. 41; and 14-cv-2538 (Barreda) at doc. 59.

and again in this case ("*Ashford 2*") in a Report and Recommendation [doc. 62] also adopted by the district court. Doc. 69. In *Ashford 1* we denied motions to remand filed by the non-ATS litigants finding that, subsequent to the filing of the original complaint, the parties resolved their internal disputes and became aligned against ATS for federal subject matter jurisdiction purposes. Thereafter summary judgment on the merits was granted in favor of ATS dismissing all claims against it asserted by all non-ATS litigants. All other plaintiff-employee suits[6] were idle pending resolution of the jurisdictional dispute in *Ashford 1*.[7]

*Ashford 1* was appealed, and the appellate court reversed our finding on subject matter jurisdiction but not before a rule for sanctions was filed by ATS against multiple parties.[8] We ruled in favor of ATS for sanctions against Brown, her law partner Thomas A. Filo, Aeroframe, and Porter but the amount of sanctions has yet to be determined and that judgment is not final. After *Ashford 1* was remanded (except for the sanctions issue), ATS removed again (this docket – *Ashford* 2) providing additional facts gathered in its preparation for the hearing on sanctions in *Ashford 1*. Those additional facts caused us to conclude that the non-ATS parties had actually been aligned since ***before*** any lawsuit was filed resulting in our denial of motions to remand filed by each non-ATS party. Doc. 62, Report and Recommendation, adopted by the district court at doc. 69.

Separately and in each case ultimately consolidated into this we issued a Report and Recommendation "[i]n furtherance of the obligation of federal courts to police subject matter delineations on their own initiative." We detailed the progress of our consideration of subject matter jurisdiction in both *Ashford 1* and in this case and recommended as follows:

---

[6] See fn 1.
[7] After our ruling in *Ashford 1* we found jurisdiction in all other cases for reasons identical to those in *Ashford 1*.
[8] The conclusion of the appellate court nullified our findings noted in fn 7.

> So that this case and all other related cases maintain the same footing with respect to the bases of our subject matter jurisdiction, it is recommended that this court adopt the findings in Ashford 2 and conclude that we enjoy subject matter jurisdiction in this case for the same reasons set forth in the Report and Recommendation made and adopted by the court there.

In each case the Report and Recommendation was adopted by the district court.[9] Thereafter ATS moved to consolidate these matters [doc. 72] and, over objection of the non-ATS litigants,[10] the motion was granted except with respect to one case not at issue here.[11] Doc. 87. In that ruling we stated that "all motions pending in all consolidated cases will be terminated without prejudice to be reurged in this consolidated case if appropriate." *Id.* at p. 2. ATS then moved for summary judgment, again seeking dismissal of all substantive claims against it by all non-ATS litigants. Doc. 92. Over opposition of the non-ATS litigants we recommended that the motion be granted [doc. 111] and that recommendation has been adopted by the district court. Doc. 119.

While all claims of all non-ATS litigants against ATS in all consolidated matters were identical, the same cannot be said for the individual claims of the individual plaintiff-employees against Aeroframe. As of February of 2021, some six and one-half years since inception of these lawsuits, Aeroframe had answered the petitions of the plaintiff-employees only in this case and the consolidated case *Cooley, et al. v Aeroframe Services, LLC,* 14-cv-987. In some of the remaining cases there was evidence of service of plaintiff-employees' petitions on Aeroframe and in others there was not. On February 22, 2021, the clerk of court issued notices to dismiss

---

[9] 14-cv-983 (Warner – R&R at doc. 73, adopted at doc. 79); 14-cv-984 (Adams – R&R at doc. 64, adopted at doc. 70); 14-cv-985 (Boring – R&R at doc. 64, adopted at doc. 70); 14-cv-986 (Cleaves – R&R at doc. 67, adopted at doc. 74); 14-cv-987 (Cooley – R&R at doc. 64, adopted at doc. 72); 14-cv-988 (Gallow – R&R at doc. 69, adopted at doc. 64); 14-cv-989 (Decolongon – R&R at doc. 56, adopted at doc. 63); 14-cv-990 (Blanton – R&R at doc. 54, adopted at doc. 61); 14-cv-991 (Rackard – R&R at doc. 63, adopted at doc. 68); 14-cv-2323 (Morvant – R&R at doc. 49, adopted at doc. 56), 14-cv-2324 (Coley – R&R at doc. 50, adopted at doc. 58), 14-cv-2325 (Cogdill – R&R at doc. 50, adopted at doc. 58), and 14-cv-2538 (Barreda – R&R at doc. 63, adopted at doc. 70).

[10] Each non-ATS litigant objected primarily on the basis that we lacked subject matter jurisdiction. See doc. 83 (objection of Ashford), doc. 84 (objection of Aeroframe), and doc. 79 (objection of Porter).

[11] Day v. Aeroframe Services, LLC, 16-cv-1512. See fn. 3.

Aeroframe from all but *Cooley* and this case for either failure to take a default within 60 days after service or failure to effect service within 90 days. Docs. 102, 103. Aeroframe saved the plaintiff-employees the effort of either effecting service or taking a default by voluntarily answering the complaints of all remaining plaintiff-employees in all consolidated cases. See Doc. 105 and atts. 1-11. Plaintiff-employee Ashford has received his award through a reconsideration of his Motion for Summary Judgment filed in *Ashford 1*. 14-cv-992, doc. 308. Plaintiff-employees in *Cooley* were ordered to file Motions for Summary Judgment to obtain their relief or face a recommendation to the district court that their claims be dismissed for failure to prosecute. Doc. 104. Plaintiff-employees in *Cooley* did submit their Motion for Summary Judgment under that docket number and that motion, opposed by Aeroframe, is now under consideration. 14-cv-987 docs. 77 (motion) and 80 (response).

So that all plaintiff-employees may now have their claims against Aeroframe considered, it is

**ORDERED** that these matters now be unconsolidated. Into each individual case will be docketed the following:

> (1) The answer filed by Aeroframe to each original complaint as docketed in this matter at doc. 105 or an attachment thereto. Each case should contain only the answer that pertains to it.
>
> (2) The Report and Recommendation dismissing ATS from all claims filed by all plaintiff-employees as docketed in this matter at 111.
>
> (3) The Judgment adopting the recommendation docketed at 119.
>
> (4) This Order.

Once the cases have been unconsolidated, we will issue an order similar to that issued in *Cooley* for plaintiff-employees to file a Motion for Summary Judgment for their claims against Aeroframe or risk a recommendation to the district court that the claims be dismissed for failure to prosecute.

We have already issued an order in this case setting a scheduling conference to select a trial date for the claim of ATS against Aeroframe and Porter. Doc. 121.

Once these matters have been unconsolidated then what remains in each these matters is as follows:

| Case No. | Party | Matter |
|---|---|---|
| 14-cv-0983 | Warner | Plaintiff-employee's claim against Aeroframe |
| 14-cv-0984 | Adams, et al. | Plaintiff-employees' claims against Aeroframe |
| 14-cv-0985 | Boring, et al. | Plaintiff-employees' claims against Aeroframe |
| 14-cv-0986 | Cleaves, et al. | Plaintiff-employees' claims against Aeroframe |
| 14-cv-0987 | Cooley, et al. | Ruling on plaintiff-employees' Motion for Summary Judgment against Aeroframe |
| 14-cv-0988 | Gallow, et al. | Plaintiff-employees' claims against Aeroframe |
| 14-cv-0989 | Decolongon, et al. | Plaintiff-employees' claims against Aeroframe |
| 14-cv-0990 | Blaton, et al. | Plaintiff-employees' claims against Aeroframe |
| 14-cv-0991 | Rackard | Plaintiff-employee's claim against Aeroframe |
| 14-cv-0992 | Ashford 1 | Finalization of the Motion for Sanctions at doc. 159 |
| 14-cv-2323 | Morvant, et al. | Plaintiff-employees' claims against Aeroframe |
| 14-cv-2324 | Coley, et al. | Plaintiff-employees' claims against Aeroframe |

| | | |
|---|---|---|
| 14-cv-2325 | Cogdill, et al. | Plaintiff-employees' claims against Aeroframe |
| 14-cv-2538 | Barreda, et al. | Plaintiff-employees' claims against Aeroframe |
| 19-cv-0610 | Ashford 2 | Claims of ATS against Aeroframe and Porter. A Scheduling Conference is set to fix these matters for trial. Doc. 121. |

The parties are encouraged to review the above recitation carefully and advise the court if there remains any other matter outstanding that we may have overlooked.

THUS DONE AND SIGNED in Chambers this 23rd day of June, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE